UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEREMY RUIZ,

        Petitioner,                      Case Number: 2:15-cv-12259
                                                      HONORABLE VICTORIA A. ROBERTS

v.

RANDY HAAS,

        Respondent.
_____/

**OPINION AND ORDER DISMISSING PETITION FOR WRIT OF HABEAS
CORPUS AND DENYING CERTIFICATE OF APPEALABILITY**

Petitioner Jeremy Ruiz filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He is incarcerated at the Macomb Correctional Facility in New Haven, Michigan after convictions for possession of child sexually abusive material and failure to register with the Michigan sex offender registry. His habeas petition says the trial court erred in failing to credit the time spent in custody prior to sentencing because he committed the instant offenses while serving a term of parole.

It is apparent from the face of the petition that habeas relief is not warranted; the Court summarily dismisses the petition.

**I. Background**

On August 9, 2013, Petitioner pled guilty in Muskegon County Circuit Court to possession of child sexually abusive material and failure to register as a sex offender under Michigan's Sex Offenders Registry Act. On September 16, 2013, he was sentenced

to 1 year, 7 months to 6 years' imprisonment for each conviction, to be served concurrently. At the time he committed these offenses, Petitioner was serving a term of parole. Based upon his parole status, the trial court did not credit Petitioner for time served while awaiting sentencing on the new offenses.

Petitioner filed an application for leave to appeal in the Michigan Court of Appeals. The Michigan Court of Appeals denied leave to appeal "for lack of merit in the grounds presented." *People v. Ruiz,* No. 320083 (Mich. Ct. App. Apr. 1, 2014). Petitioner filed an application for leave to appeal in the Michigan Supreme Court. The Michigan Supreme Court denied leave to appeal. *People v. Ruiz,* 497 Mich. 855 (Mich. Sept. 5, 2014).

Petitioner then filed the pending habeas petition. He raises a single claim:

> Mr. Ruiz was denied his state and federal constitutional rights to due process by the circuit court's failure to award credit of 69 days served, where the department of corrections' systematically fails to individualize punishment for parole violations and instead uses an arbitrary system that is inconsistent with Mich. Comp. Laws § 768.7A(2).

## II. Standard

### A.

The court must promptly examine a habeas petition to determine "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." Rule 4, Rules Governing Section 2254 cases. If the court determines that the petitioner is not entitled to relief, the court shall summarily dismiss the petition. *McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Federal courts are

authorized to dismiss summarily any habeas petition that appears legally insufficient on its face"). This petition does not present grounds which may establish the violation of a federal constitutional right.

**B.**

Review of this case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Under the AEDPA, a state prisoner is entitled to a writ of habeas corpus only if he can show that the state court's adjudication of his claims –

> (1)   resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)   resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d).

"A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [this] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam), quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). "[T]he 'unreasonable application' prong of the statute permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts' of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003),

3

quoting *Williams*, 529 U.S. at 413. However, "[i]n order for a federal court to find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous. The state court's application must have been 'objectively unreasonable.'" *Id.* at 520-21 (citations omitted); *see also Williams*, 529 U.S. at 409. "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011), (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004). "Section 2254(d) reflects the view that habeas corpus is a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal. . . . As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 102-03 (internal quotation omitted).

Section 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with clearly established federal law as determined by the Supreme Court at the time the state court renders its decision. *See Williams,* 529 U.S. at 412. Section 2254(d) "does not require citation of [Supreme Court] cases – indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them."

4

*Early v. Packer*, 537 U.S. 3, 8 (2002). "[W]hile the principles of "clearly established law" are to be determined solely by resort to Supreme Court rulings, the decisions of lower federal courts may be instructive in assessing the reasonableness of a state court's resolution of an issue." *Stewart v. Erwin*, 503 F.3d 488, 493 (6th Cir. 2007), *citing Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir. 2003); *Dickens v. Jones*, 203 F. Supp. 2d 354, 359 (E.D. Mich. 2002).

Lastly, a federal habeas court must presume the correctness of state court factual determinations. See 28 U.S.C. § 2254(e)(1). A petitioner may rebut this presumption only with clear and convincing evidence. *Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998).

### III.  Discussion

Petitioner argues he was improperly denied sentencing credit for time served in jail before he was sentenced on the convictions for possession of child sexually abusive material and failure to register as a sex offender. He committed these offenses while on parole. Petitioner argues that the failure to apply sentence credit violates his rights under the Due Process Clause and violates Michigan law.

This ground for relief is not cognizable; it challenges the state court's interpretation and application of its own sentencing laws. A state court's alleged misinterpretation of state sentencing guidelines and crediting statutes is a matter of state concern only. *Howard v. White*, 76 F. App'x 52, 53 (6th Cir. 2003); *Kipen v. Renico*, 65 F. App'x 958, 959 (6th Cir. 2003) ("[T]he actual computation of [a petitioner's] prison

5

term involves a matter of state law that is not cognizable under 28 U.S.C. § 2254."). "'[F]ederal habeas corpus relief does not lie for errors of state law.'" *Estelle v. McGuire*, 502 U.S. 62, 67 (1991), *quoting Lewis v. Jeffers*, 497 U.S. 764, 780, (1990).

Moreover, the state court's denial of Petitioner's motion for credit for time served appears to be based upon the court's sound interpretation of Michigan law. Michigan's jail credit statute provides:

> Whenever any person is hereafter convicted of any crime within this state and has served any time in jail prior to sentencing because of being denied or unable to furnish bond for the offense of which he is convicted, the trial court in imposing sentence shall specifically grant credit against the sentence for such time served in jail prior to sentencing.

Mich. Comp. Laws § 769.11b. The Michigan Supreme Court has held that the jail credit statute does not apply "to a parolee who is convicted and sentenced to a new term of imprisonment for a felony committed while on parole because, once arrested in connection with the new felony, the parolee continues to serve out any unexpired portion of his earlier sentence unless and until discharged by the Parole Board." *People v. Idziak, 484 Mich. 549, 562 (2009).* In that circumstance, the parolee is incarcerated not "because of being denied or unable to furnish bond" for the new offense, but for an independent reason. *Id.* Because Petitioner committed his offense while on parole, as a matter of state law he was not entitled to credit against his sentence for the time served prior to his sentencing on the new offense. Thus, Petitioner is not entitled to habeas relief based on the trial court's failure to grant him credit against his minimum term of imprisonment for the time spent in custody prior to sentencing.

### IV. Certificate of Appealability

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253. Rule 11 of the Rules Governing Section 2254 Proceedings requires that a court "issue or deny a certificate of appealability when it enters a final order adverse to the applicant."

A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The substantial showing threshold is satisfied when a petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

In this case, the Court concludes that reasonable jurists would not debate the conclusion that the petition does not state a claim upon which habeas relief may be granted. Therefore, the Court will deny a certificate of appealability.

### V. CONCLUSION

Accordingly, **IT IS ORDERED** that the petition for a writ of habeas corpus and a certificate of appealability are **DENIED** and the matter is **DISMISSED WITH PREJUDICE.**

S/Victoria A. Roberts<br>
Victoria A. Roberts<br>
United States District Judge

Dated: July 20, 2015

The undersigned certifies that a copy of this document was served on the attorneys of record and Jeremy Ruiz by electronic means or U.S. Mail on July 20, 2015.

S/Carol A. Pinegar
Deputy Clerk